FILED

**NOT FOR PUBLICATION**

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QINGYI REN, | No. 11-73972 |
| Petitioner, | Agency No. A099-967-725 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Petitioner Qingyi Ren ("Ren"), a native and citizen of China, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") adverse credibility finding. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252(a)(2)(B)(ii), and, because substantial evidence supports the IJ's decision, we affirm. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

Ren claims asylum and withholding of removal based on persecution in connection with the Chinese government's termination of his wife's second pregnancy and planned sterilization of Ren. Because the Attorney General has rejected the per se rule that an applicant may qualify for asylum based solely on a spouse's forced abortion, *see Matter of J-S-*, 24 I. & N. Dec. 520, 537–38 (A.G. 2008), the IJ appropriately focused on Ren's own fear of persecution.

The IJ articulated several legitimate bases to question Ren's credibility and offered specific and cogent reasons for her stated determination of lack of credibility. *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Ren failed to mention any threats of sterilization in his written statement in support of his asylum application. "[O]missions of detail . . . regardless of whether they go to the heart of a petitioner's claim, may support an adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) (internal quotation marks omitted); *see also Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). Here, the asserted threats of sterilization formed the crux of Ren's asylum claim, and the IJ reasonably could find implausible Ren's explanation that he omitted this information initially because he was nervous and did not consider the information

2

important.  Additionally, the IJ reasonably concluded that Ren's fears were not credible, where Ren did not plausibly explain why he was targeted for sterilization many years after his wife's forced abortion.  *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (plausibility may form the basis of an adverse credibility determination).  Substantial evidence therefore supports the agency's adverse credibility determination.  *See id.* at 1046–47 (adverse credibility determination reasonable under the totality of the circumstances).

**PETITION DENIED.**